```
           IN THE UNITED STATES DISTRICT COURT
           FOR THE SOUTHERN DISTRICT OF TEXAS
                     HOUSTON DIVISION

DIANA LOWE,                     §
                                §
     Plaintiff,                 §
                                §
v.                              §    CIVIL ACTION NO. H-10-1811
                                §
MANDIP SINGH and M K BROS       §
TRUCKING, INC.,                 §
                                §
     Defendants.                §
```

MEMORANDUM AND ORDER

Pending are Plaintiffs' Motion to Remand (Document No. 3) and Plaintiff's Motion for Leave to File Amended Complaint Adding a New Party (Document No. 5-4). After having considered the motions, response, and applicable law, the Court concludes that the amendment should be allowed and the case remanded to state court.

I. Background

This is a negligence case arising out of an automobile accident. Plaintiff Diana Lowe alleges that she was a passenger in a vehicle driven by Lynora Banfield ("Banfield") when the vehicle was struck from behind by an eighteen-wheeler owned by Defendant MK Bros Trucking, Inc. and driven by Defendant Mandip Singh (collectively, "Defendants").[1] Plaintiff brought suit in the 61st Judicial District Court of Harris County, Texas on December 2,

---

[1] Document No. 1, ex. A at 3 (Plaintiff's Orig. Pet.).

2009.[2]  Defendants removed on the basis of diversity jurisdiction[3] on May 20, 2010, asserting that neither had properly been served with petition and citation.[4]

Plaintiff subsequently moved to remand, stating that she planned to join Banfield, a Texas resident whose presence would destroy diversity jurisdiction, in response to Defendants' suggestion "that Ms. Banfield may have stopped suddenly contributing to the cause of the collision."[5]  Defendants "agree[d] they may pursue this defense," but opposed remand because Plaintiff had yet to allege a theory of liability or to assert claims against Banfield.[6]  Further, they stated that they would oppose any joinder of Banfield, whom they contend would be a dispensable party.[7] Plaintiff then filed her Motion for Leave to File Amended Complaint Adding New Party, in which she asserts that Plaintiff's injuries

---

[2] Id., ex. A at 1.

[3] Defendants assert, and Plaintiff does not contest, that MK Bros Trucking, Inc. is a California corporation with its principal place of business in California; Mandip Singh is an individual residing in California. Id. at 2.  Plaintiff is a Texas resident. Id., ex. A at 1.

[4] Id. at 1.

[5] Document No. 3 at 2.

[6] Document No. 4 at 2.

[7] Id. at 3.

and damages were caused by the negligence of Banfield.[8]  Defendants have filed no opposition to Plaintiff's leave to amend.

## II.  Standard of Review

"If after removal the plaintiff seeks to join additional defendants whose joinder would destroy subject matter jurisdiction, the court may deny joinder, or permit joinder and remand the action to the State court."  28 U.S.C. § 1447(e).  "The district court, when faced with an amended pleading naming a new nondiverse defendant in a removed case, should scrutinize that amendment more closely than an ordinary amendment."  Hensgens v. Deere & Co., 833 F.2d 1179, 1182 (5th Cir. 1987).  In Hensgens, the Fifth Circuit identified four factors relevant to this scrutiny: (1) the extent to which the purpose of the amendment is to defeat federal jurisdiction; (2) whether the plaintiff has been dilatory in asking for amendment; (3) whether the plaintiff will be significantly injured if amendment is not allowed; and (4) any other factors bearing on the equities.  Id.  "The balance does not hinge on 'a rigid distinction of whether the proposed added party is an indispensable or permissive party.'"  Gallegos v. Safeco Ins. Co. of Ind., No. H-09-2777, 2009 WL 4730570, at *2 (S.D. Tex. Dec. 7, 2009) (Rosenthal, J.) (quoting Hensgens, 833 F.2d at 1182).

---

[8] See Document No. 5.

III. Discussion

The first Hensgens factor favors granting Plaintiff leave to amend her complaint to join Banfield. "Courts have held that a plaintiff's failure to join a non-diverse defendant to an action prior to removal when such plaintiff knew of a non-diverse defendant's identity and activities suggests that the purpose of the amendment is to destroy diversity jurisdiction." Schindler v. Charles Schwab & Co., Inc., No. Civ. A. 05-0082, 2005 WL 1155862, at *3 (E.D. La. May 12, 2006) (citing Smith v. White Consol. Indus., Inc., 229 F. Supp. 2d 1275, 1280 (N.D. Ala. 2002); In re Norplant Contraceptive Prod. Liab. Litig., 898 F. Supp. 433, 435 (E.D. Tex. 1995)). "However, courts have also recognized that when a plaintiff states a valid claim against a defendant, it is unlikely that the *primary* purpose of bringing those defendants into a litigation is to destroy diversity jurisdiction." Id. (citing McNeel v. Kemper Cas. Ins. Co., No. Civ. A. 3:04-CV-0734, 2004 WL 1635757, at *2 (N.D. Tex. July 21, 2004)) (emphasis in original).

Here, though Plaintiff surely knew Banfield's identity as of the time of the accident, Plaintiff alleges that she desires to amend "because discovery has raised facts supporting the claims raised."[9]  Specifically, "Defendants have suggested that Ms.

---

[9] Document No. 5 at 1.

4

Banfield may have stopped suddenly,"[10] which they assert contributed to the cause of the collision--a defense they admit they "may pursue."[11] In fact, Defendants allege in their answer that Plaintiff's injuries and damages were proximately caused by a third party. Plaintiff's proposed amended complaint sufficiently states a separate claim of negligence against Banfield. Thus, the Court cannot conclude that the *primary* purpose of this amendment is to defeat jurisdiction; on balance, the first factor rather favors joinder. *See* Schindler, 2005 WL 1155862, at *4.

As to the second factor, Plaintiff has not been dilatory. In addressing this factor, courts often look to the amount of time between the original state court action and the request to amend, and the time between removal and the request. Schindler, 2005 WL 1155862, at *4; *see also* Gallegos, 2009 WL 4730570, at *4. Courts also look to the stage of the proceedings. *See* Gallegos, 2009 WL 4730570, at *4; Schindler, 2005 WL 1155862, at *4. Here, there have been no proceedings after removal except for the filing of the motions now under review. The lapses of time between the filing of suit in state court and Plaintiff's request to amend--six months --and between Defendants' removal and the request--30 days--are not so great as to require a finding they are dilatory. *See* McNeel, 2004 WL 1635757, at *3 (amendment sought five months after petition

---

[10] Document No. 3 at 2.

[11] Document No. 4 at 2.

5

and six weeks after removal not dilatory); <u>Vincent v. E. Haven Ltd. P'ship</u>, No. Civ. A. 02-2904, 2002 WL 31654955, at *3 (E.D. La. Nov. 20, 2002) (amendment five months after petition not dilatory). Moreover, Plaintiff asserts without contest from Defendants that Plaintiff's new cause of action is sought because of Defendants' assertion of Banfield's negligence. Given that Defendants did not file their answer suggesting Banfield's negligence until May 20, 2010,[12] the Court finds that Plaintiff's seeking her joinder on June 25, 2010 in response to Defendants' allegations is not dilatory. This factor thus favors joinder.

The third factor also favors joinder. Courts analyzing the third factor look to "whether a plaintiff can be afforded complete relief in the absence of the amendment." <u>Jerido v. Am. Gen. life and Acc. Ins. Co.</u>, 127 F. Supp. 2d 1322, 1325 (M.D. Ala. 2001). Plaintiff may not be able to obtain full relief for her injuries if Banfield's negligence, as opposed to or in addition to Defendants', is found to have caused those injuries. As an alternative to joinder, Plaintiff could sue Banfield separately in state court. However, this would result in parallel judicial proceedings that would increase costs, lead to judicial inefficiency, and may produce conflicting results. *See* <u>Schindler</u>, 2005 WL 1155862, at *4-*5 (third <u>Hensgens</u> factor weighs in favor of amendment where the

---

[12] As Defendants point out, there is no evidence they were properly served; their answer is thus not untimely.

plaintiff contended she would "not be entitled to full relief without joining the individual defendants because one of [the defendant's] defenses is that [the parties sought to be joined] are liable for the conversion of the funds"); *see also* Hensgens, 833 F.2d at 1182 (highlighting "the danger of parallel federal/state proceedings with the inherent dangers of inconsistent results and the waste of judicial resources" as the main interest to balance against a defendant's interest in retaining the federal forum).

The Court discerns no other factors bearing on the equities not already analyzed in connection with the first three factors, making the fourth Hensgens factor neutral. *See* Gallegos, 2009 WL 4730570, at *5 ("Because neither party points to additional equitable factors beyond these considerations, the fourth Hensgens factor weighs in neutral."). Since all factors either favor joinder or are neutral, the Court concludes that Plaintiff should be granted leave to amend her complaint to add Banfield as a defendant. Because with Banfield's joinder this Court will not have jurisdiction, the case will be remanded.

### IV. Order

Accordingly, it is

ORDERED that Plaintiff's Motion for Leave to File Amended Complaint Adding a New Party (Document No. 5-4) is GRANTED, and

Plaintiff's First Amended Complaint (Document No. 5) is deemed filed.  It is therefore further

ORDERED that Plaintiffs' Motion to Remand (Document No. 3) is GRANTED, and this case is REMANDED to the 61st Judicial District Court of Harris County, Texas.

The Clerk will mail a certified copy of this Order to the Clerk of the 61st Judicial District Court of Harris County, Texas, as required by 28 U.S.C. § 1447, and shall notify all parties and provide them with a true copy of this Order.

SIGNED at Houston, Texas, on this 23rd day of August, 2010.

_____
EWING WERLEIN, JR.
UNITED STATES DISTRICT JUDGE